# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MANFRED LOEWY,<br><br>　　　　　Plaintiff,<br>v.<br><br>BUREAU OF COLLECTION RECOVERY, LLC,<br><br>　　　　　Defendant. | Civil Action File No:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

## INTRODUCTION

1. This is an action for statutory damages and statutory attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq*.

2. Defendant violated the FDCPA and FBPA by communicating with Plaintiff without informing Plaintiff that the communication was from a debt collector or from Defendant.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff is a natural person who resides in the County of Gwinnett, State of Georgia.

6. Plaintiff is a "consumer" as that term is defined by the FDCPA.  15 U.S.C. § 1692a(3).

7. Defendant is a limited liability company organized under the laws of the State of Minnesota.

8. Defendant does not maintain a registered agent in Minnesota.

9. Defendant may be served by personal service upon an authorized agent or officer at its principle place of business, which is located at 7575 Corporate Way, Eden Prairie, MN  55344.

10. Defendant is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant uses telephone communications in its business.

12. Defendant uses the mails in its business.

13. Defendants do not maintain a place of business in Georgia.

14. Defendants do not keep assets in Georgia.

15. The principal purpose of Defendant's business is the collection of debts.

16. Defendant was engaged in the collection of a consumer debt allegedly owed by Plaintiff.

17. On December 17, 2009, an employee or employees of Defendant left a voice mail message for Plaintiff that failed to state that the message was from a debt collector.

18. Defendant intentionally failed to state that the message was from a debt collector.

19. In the message, Defendant did not state that it was attempting to collect a debt.

20. Defendant intentionally failed to state that it was attempting to collect a debt.

21. In the message, Defendant communicated information about the debt.

22. Defendant failed to send Plaintiff a validation notice within five days of its initial communication with Plaintiff.

## CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF THE FDCPA

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The conduct of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(6), 1692e, 1692e(11) and 1692g.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT TWO: VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

---
Case 1:10-cv-04102-RWS   Document 1   Filed 12/17/10   Page 5 of 7

28. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state."  O.C.G.A. § 10-1-391(a).

29. A violation of the FDCPA also constitutes a violation of the FBPA. <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 288 Ga.App. 457, 654 S.E.2d 428 (2007). <u>Gilmore v. Account Management, Inc</u>., 357 Fed.Appx. 218 (11th Cir. 2009).

30. Defendant's acts violated the FDCPA.

31. Defendant's acts violated the FBPA.

32. Defendant's acts in violation of the FDCPA and FBPA were intentional.

33. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages.

34. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiff prays that judgment be entered against Defendant:

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

5

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. For an award of treble damages pursuant to the FBPA;

d. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and the FBPA;

e. For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 16, 2010

By: s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 16th day of December, 2010.


s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com